tinued as he approached the car. A number of witnesses, called on behalf of the plaintiff, saw the accident, and if more than one plunge or demonstration had been made by the horse, indicating a want of control by the driver, it would certainly have been seen and testified to by some of the witnesses. While the boy stated that the horse did some more jumping, there was nothing in his testimony that would indicate that the driver lost control of him, and all the other witnesses state that the horse proceeded up the street, approaching the car in the usual way, and at a moderate rate of speed.

The rule to show cause why the judgment of nonsuit should not be taken off must be discharged. It is so ordered.

*Error assigned* was order refusing to take off nonsuit.

*Ralph P. Tannehill*, with him *Thos. M.* and *Rody P. Marshall*, for appellant.

*Samuel McClay*, of *Reed, Smith, Shaw & Beal*, for appellee.

PER CURIAM, January 2, 1906:
Judgment affirmed on the opinion of the court below.

---

# Spangler, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Negligence—Railroads—Master and servant—Fellow servant.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, an employee of the company, a nonsuit is properly entered, where it appears that the decedent was killed in a collision while riding on an engine of the company, and that the accident was caused by the negligence of fellow servants in violating the rules and schedules of the company.

Argued Oct. 24, 1905. Appeal, No. 29, Oct. T., 1905, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 88, refusing to take off nonsuit in case of M. E.

Spangler v. The Baltimore & Ohio Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

BROWN, J., filed the following opinion:

This matter arises upon a motion to take off a compulsory nonsuit in an action by Mary E. Spangler against the Baltimore & Ohio Railroad Company, to recover damages resulting from the death of her husband, caused by a head-on collision between an east-bound freight engine and a west-bound passenger train.   Mr. Spangler was upon the east-bound freight engine operated by the freight crew proceeding to the scene of a wreck upon the Wheeling branch of said company.

The undisputed evidence shows:

1. That the telegraphic message (under which the freight engine was proceeding) was subject (*a*) to the rule and railway schedule of the company giving priority of right of way to passenger trains; and (*b*) to the rule requiring a flagman approximately a mile ahead of the freight engine to protect its crew against passenger trains.

2. That in violation of these rules and schedules well known to the employees of the railroad company (of whom Mr. Spangler was one), the freight engine, without any flagman ahead, proceeded easterly several miles to the point of its collision with the west-bound passenger train.

The violation of these rules by fellow servants being the proximate cause of the collisions bars a recovery.   The case is ruled by Kennelty v. Baltimore & Ohio Railroad Company, 166 Pa. 60, in which it is said by Mr. JUSTICE FELL, delivering the opinion:

" It was clearly shown by the testimony produced by the plaintiff that the collision was caused not by an unsafe schedule or defective rules, but that it was due to the reckless disregard of clearly defined and well understood duties by those in charge of the train.   As they were coemployees of the plaintiff's husband there was nothing to leave to the jury, and the nonsuit was properly entered."

Motion overruled.

*Error assigned* was refusal to take off nonsuit.

*Joseph Howley*, with him *W. A. Hudson*, for appellant.

*John S. Wendt*, with him *Johns McCleave*, for appellee.

PER CURIAM, January 2, 1906 :
Judgment affirmed on the opinion of the court below.

---

# Park Steel Company *v.* Allegheny Valley Railway Company, Appellant.

*Railroads—Crossing—Streets—Tramway of steel company—License—Equity—Act of June 19, 1871, P. L. 1361.*

A railroad company will be enjoined from interfering with or removing a tramway constructed by a steel company across its tracks for the purpose of hauling materials to and from different parts of the steel company's plant, where it appears that the tramway in question was constructed on a public street which the steel company had the right to make use of as part of the public, and while not required so to do had received permission from the railroad company to cross the tracks, which license had become irrevocable by the expenditure of money, and that the railroad company had refused to permit the steel company to put in a modern frog construction which would have obviated the delays complained of by the railroad company.

The Act of June 19, 1871, P. L. 1361, relating to railroad crossings does not apply where the parties have established a crossing and are using it; nor does it extend to the regulation of grade crossings of railroads over ordinary streets and highways.

Argued Oct. 24, 1905. Appeal, No. 31, Oct. T., 1905, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1900, No. 137, on bill in equity in case of The Park Steel Company v. The Allegheny Valley Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before RODGERS, J.
The facts are stated in the opinion of the Supreme Court.
The court entered a decree in accordance with the prayers of the bill.

*Error assigned* among others was the decree of the court.